UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GANI VILA and
ALBANIAN TV OF AMERICA, INC.,
a Michigan Corporation,

    Plaintiffs,

v.

ARIAN ASIMI,

    Defendant.

Case No.
Hon.

**NOTICE OF REMOVAL**

_____/

| TURFE LAW, PLLC | THE ZALEWSKI LAW FIRM |
|---|---|
| EDWARD M. TURFE (P51228) | PAUL J. ZALEWSKI (P61693) |
| *Attorney for Plaintiffs* | *Attorney for Defendant* |
| 290 Town Center Drive, Suite 420K | 29199 Ryan Road |
| Dearborn, Michigan  48126 | Warren, MI 48092 |
| (313) 730-0300 | (586) 573-8900 |
| edturfe@turfelaw.com | ZalewskiLegal@gmail.com |

_____/

Pursuant to E.D. Mich LR 83.11(c)(1) notice is hereby given that a prior action was commenced by Plaintiffs in this Court in the case of *Gani Vila and Albanian TV of America, Inc. v. Arian Asimi*, Case Number 3:22-cv-11995-RHC-EAS, which action was voluntarily dismissed without prejudice by Plaintiffs and subsequently re-filed in the State Court, and which same action is now being removed by Defendant back to this Court pursuant to this Notice of Removal filed under 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

### NOTICE OF REMOVAL

    NOW COMES Defendant, **ARIAN ASIMI**, by and through his attorney, **PAUL J. ZALEWSKI** of **THE ZALEWSKI LAW FIRM**, and pursuant to 28

U.S.C. § 1441 and 28 U.S.C. § 1446, Defendant hereby gives Notice of Removal of the case of *Gani Vila and Albanian TV of America, Inc. v. Arian Asimi*, Case No. 2023-000521-NO, from the 16th Judicial Circuit Court for the State of Michigan, County of Macomb (the "State Court"), to the United States District Court for the Eastern District of Michigan, Southern Division (the "Federal Court"). The grounds for removal are as follows:

1. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(c) as on June 5, 2024, the State Court issued its Opinion and Order Granting Defendant's Motion to Set Aside Judgment in the State Court action, which Opinion and Order was based, in part, on the finding that the State Court Summons and Complaint was never served on Defendant. (**Exhibit 1, State Court Opinion and Order; Exhibit 2, State Court Complaint**)

2. Plaintiffs originally filed their Complaint in the Federal Court on August 25, 2022, in the case of *Gani Vila and Albanian TV of America, Inc. v. Arian Asimi*, Case Number 3:22-cv-11995-RHC-EAS (the "Federal Case"), alleging an amount in controversy exceeding $75,000.00 and claiming diversity of citizenship as the basis for Federal Court's subject matter jurisdiction under 28 U.S.C § 1332(a). (**Exhibit 3, Federal Complaint**).

2

3. On September 13, 2022, the Federal Court issued an Order to Show Cause directing Plaintiffs to clarify their allegations of diversity of citizenship as the basis for subject matter jurisdiction in the Federal Court. (**Exhibit 4, Order to Show Cause**).

4. On September 26, 2022, Plaintiffs filed an Amended Complaint in the Federal Case to more clearly plead facts to establish diversity of citizenship as the basis for this Court's subject matter jurisdiction under 28 U.S.C § 1332(a). (**Exhibit 5, Amended Federal Complaint**).

5. On January 13, 2023, the Federal Court entered an Order Vacating Order to Show Cause and Directing Plaintiffs to Serve Defendant, which service of process was to occur within 30 days from the date of the order. (**Exhibit 6, Order Vacating Show Cause**).

6. Defendant was never served with the Amended Complaint in the Federal Case following entry of the Federal Court's Order Vacating Order to Show Cause and Directing Plaintiffs to Serve Defendant.

7. On February 9, 2023, Plaintiffs filed a Voluntary Dismissal Without Prejudice of the Federal Case, stating "this matter will be filed in the Circuit Court for the County of Macomb, Michigan," which Voluntary Dismissal Without Prejudice was entered by the Federal Court on March 10, 2023. (**Exhibit 7, Voluntary Dismissal and Order of Voluntary Dismissal**).

8. On February 14, 2023, Plaintiffs re-filed their Complaint in the State Court alleging an amount in controversy exceeding $25,000.00, being the jurisdictional minimum for the State Court and as is permitted by State Court practice, but the amount in controversy and the recovery sought by Plaintiffs in the present case is in excess of $75,000.00, which amount in controversy is supported by Plaintiffs' prior Complaints filed in the Federal Case. (**Exhibit 2, State Court Complaint; Exhibit 3, Federal Complaint; Exhibit 5, Amended Federal Complaint**).

9. As alleged in Plaintiffs' Complaint filed in the State Case, and as alleged in Plaintiffs' prior Complaints filed in the Federal Case, Plaintiff, Gani Vila, is a citizen of the State of Michigan, and Plaintiff, Albanian TV of America, Inc., is a corporation organized under Michigan law that conducts business in Michigan. (**Exhibit 2, State Court Complaint, at ¶ ¶1, 2; Exhibit 3, Federal Complaint, at ¶ ¶1, 2; Exhibit 5, Amended Federal Complaint, at ¶ ¶1, 2**).

10. Defendant, Arian Asimi, is a citizen of the State of Wisconsin, and was at all times a citizen of the State of Wisconsin when the Complaints in the Federal Case were filed and at the time the Complaint in the State Case was filed.

4

11.     Pursuant to 28 U.S.C § 1446 (3)(d), a copy of this Notice of Removal has been served on Plaintiffs' attorney of record via first class mail, via electronic mail (e-mail), and via electronic service through the MiFile TruFiling system in the State Case.

12.     Pursuant to 28 U.S.C § 1446 (3)(d), a true and complete copy of this Notice for Removal will be promptly filed with the 16th Judicial Circuit Court for the County of Macomb in the State Case.

WHEREFORE, Defendant, **ARIAN ASIMI**, by and through his attorney, **PAUL J. ZALEWSKI** of **THE ZALEWSKI LAW FIRM**, hereby remove the case of *Gani Vila and Albanian TV of America, Inc. v. Arian Asimi*, Case No.: 2023-000521-NO, from the 16th Judicial Circuit Court for the State of Michigan, County of Macomb, to the United States District Court for the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

Respectfully submitted,

THE ZALEWSKI LAW FIRM

Dated:  June 11, 2024      By:   */s/ Paul J. Zalewski*
Paul J. Zalewski (P61693)
*Attorney for Defendant*
29199 Ryan Road
Warren, MI 48092
(586) 573-8900
ZalewskiLegal@gmail.com

STATE OF MICHIGAN

SIXTEENTH JUDICIAL CIRCUIT COURT

GANI VILA and
ALBANIAN TV OF AMERICA, INC.

      Plaintiffs,
vs.                     Case No. 2023-000521-NO

ARIAN ASIMI,

      Defendant.
_____/

OPINION AND ORDER

  Defendant Arian Asimi ("Defendant") has filed a motion to set aside judgment pursuant to MCR 2.612(B) and MCR 2.612(C). Plaintiffs Gani Vila and Albanian TV of America ("Plaintiffs") have filed a response in opposition to the motion.

**I. Factual and Procedural History**

  This case arises out of Defendant's alleged defamation of Plaintiffs. On February 14, 2023, Plaintiffs filed their two count complaint in this matter alleging the following: count I – defamation and defamation per se and count II – tortious interference with business relationships. On June 15, 2023, a consent judgment was entered. On March 25, 2024, Defendant filed the instant motion to set aside judgment pursuant to MCR 2.612(B) and MCR 2.612(C). On April 1, 2024, Plaintiffs filed a response in opposition to the motion. The motion was heard and taken under advisement on April 8, 2024. The Court allowed Defendant until April 12, 2024, to file a reply brief. On April 12, 2024, Defendant filed his reply brief.

## II. Arguments and Analysis

Defendant argues that the consent judgment should be set aside pursuant to MCR 2.612(B) and MCR 2.612(C)(1)(f). The basis of Defendant's motion is that he never knew that this action was pending against him, and that attorney Edward Zelenak ("Zelenak") was never actually retained by Defendant to represent him. MCR 2.612(B) and MCR 2.612 (C)(1)(f) read as follows:

> (B) Defendant Not Personally Notified. A defendant over whom personal jurisdiction was necessary and acquired, but who did not in fact have knowledge of the pendency of the action, may enter an appearance within 1 year after final judgment, and if the defendant shows reason justifying relief from the judgment and innocent third persons will not be prejudiced, the court may relieve the defendant from the judgment, order, or proceedings for which personal jurisdiction was necessary, on payment of costs or on conditions the court deems just.
>
> (C) Grounds for Relief From Judgment.
>
> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
>
> (f) Any other reason justifying relief from the operation of the judgment.

In this case, the complaint was filed on February 14, 2023. A proof of service or acknowledgment of service was never filed. Zelenak entered his appearance on May 15, 2023. The consent judgment was then entered on June 15, 2023. Those are the only documents that were filed in this case until the filing of the present motion. In support of Defendant's position that he had no knowledge of this case, he relies on his own personal affidavit and the affidavit of Zelenak. Defendant's affidavit states, in relevant part, as follows:

> 3. Shortly after being served with the Summons and Complaint in the Federal Case, sometime in September 2022, I had a telephone conversation [with] an acquaintance I know in the Michigan Albanian community named "Ceno" about this lawsuit, and Ceno then handed his phone over to some attorney that he was with named Edward Zelenak, and Mr. Zelenak told me he knew the Plaintiffs' attorney and would talk to him about the lawsuit.

2

> 4. After this telephone conversation with Ceno and attorney Edward Zelenak, I never had another telephone conversation or any written communication of any kind with Mr. Zelenak and I **never** retained or authorized him to represent me in the Federal Case or in any other case.
>
> 7. After the Federal Case was dismissed, I **never** received any Summons, Complaint, or any documentation of any kind concerning this case that was filed in the Macomb County Circuit Court.
>
> 11. I **never** authorized attorney Edward Zelenak to represent me in this case at any time.
>
> 12. I **never** hired or retained attorney Edward Zelenak to represent me in this case at any time.
>
> 13. I **never** had any communications of any kind or nature whatsoever with attorney Edward Zelenak regarding this case at any time after it was filed and even through the present date.
>
> 14. I **never** gave my verbal or written authorization or consent to attorney Edward Zelenak to represent me in this case, to file an Appearance on my behalf in this case, or to sign the Consent Judgment that was entered against me by the Court on June 15, 2023.
>
> 15. I had no knowledge of this case whatsoever until January of 2024, when I discovered that a lawsuit was filed against me in the Milwaukee County Court on December 26, 2023, where Plaintiffs are now seeking to domesticate the $200,000 Consent Judgment against me in my home state of Wisconsin.
>
> See Defendant's Exhibit B, p. 1-4.

Similar to the statements set forth in Defendant's affidavit, Attorney Zelenak's affidavit states, in relevant part, as follows:

> 2. Around September 2022, I had a telephone conversation with Arian Asimi after he was served with a Summons and Complaint in the case of *Gani Vila, et. al. v. Arian Asimi,* Case Number 22-cv-11995, which was filed in the United States District Court for the Eastern District of Michigan ("the Federal Case").
>
> 3. I was acquainted with the Plaintiffs' attorney in the Federal Case, Edward Turfe, and during our telephone conversation, I told Mr. Asimi that I would speak to Mr. Turfe about dismissing the lawsuit.

3

4. Mr. Asimi never retained me to represent him in the Federal Case, but I voluntarily reached out to Mr. Turfe as a professional courtesy because I knew Mr. Turfe.

5. I told Mr. Turfe that I do not practice in Federal Court nor in this area of law, but if it was possible, I would try to help Mr. Asimi resolve the matter.

6. Mr. Turfe dismissed the Federal Case at my request, and when the Complaint was refiled by Plaintiffs in the Macomb County Circuit Court in the above captioned matter ("the MCCC Case"), I never told Mr. Asimi about the new case being filed. I was still under the impression that the matter would be resolved and I was in regular communication with Mr. Turfe.

7. I filed my Appearance in the MCCC case on behalf of Mr. Asimi on April 27, 2023. Shortly thereafter, Mr. Turfe proposed a resolution and I signed the Consent Judgment that was entered by this Court on June 15, 2023, albeit without reading the terms of the Consent Judgment or relating same to Mr. Asimi. I did so without Mr. Asimi's approval, consent, or knowledge.

8. Mr. Asimi never authorized me to settle this case or enter into any Consent Judgment, I never advised Mr. Asimi about the Consent Judgment being proposed, offered or signed, and I never had Mr. Asimi's authority to negotiate or enter into this Consent Judgment.

9. I never spoke to Mr. Asimi after our initial telephone conversation in September 2022, until we spoke on the telephone around January 2024 wherein he complaint that he was served with a lawsuit in his home state of Wisconsin seeking to domesticate the Consent Judgment for collection purposes.

10. I fully support Mr. Asimi's Motion to Set Aside Consent Judgment in this case.

See Defendant's Exhibit C, p. 1-3.

In response, Plaintiffs argue that Defendant was aware of the pendency of this lawsuit and the entry of the Consent Judgment. However, the evidence Plaintiffs cite to in support of this argument is all communications between Plaintiffs' counsel and Zelenak. See Plaintiffs' Exhibits A, B, C, and D. These communications fail to demonstrate that Defendant had any actual knowledge of this lawsuit.

Here, the affidavits of Defendant and Zelenak warrant granting Defendant's motion and setting aside the judgment pursuant to MCR 2.612(B) and MCR 2.612 (C)(1)(f). The affidavits

4

indicate that Defendant never retained or authorized Zelenak to act on Defendant's behalf and that Defendant was not even aware of this action until he was sued in Wisconsin. Zelenak's affidavit states that he did not even read the terms of the Consent Judgment that he signed without Defendant's authorization. While it remains unclear why Zelenak would take such actions, Zelenak's affidavit is extremely credible as he is setting himself up for potential negative consequences related to his legal license with the admissions made in his affidavit. Zelenak has even already agreed to pay Defendant's costs and attorney fees. See Defendant's Reply Brief, p. 5. Accordingly, Defendant's motion is granted.

### III. Conclusion

For the reasons set forth above, Defendant's motion to set aside judgment is GRANTED. Pursuant to MCR 2.602(A)(3), this *Opinion and Order* neither resolves the last pending claim nor closes the case.

IT IS SO ORDERED.

_____
HON. JAMES M. MACERONI P61759
Circuit Court Judge

/S/ JAMES MACERONI
CIRCUIT COURT JUDGE, P61759

Date: June 5th, 2024
JMM/nmm

5

FILED by Macomb County Circuit Court 2/13/2023    2023-000521-NO VILA GANI ET AL.

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>16th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | **CASE NO.**<br>2023-000521-NO |

Court address: 40 N. MAIN STREET, MT CLEMENS, MICHIGAN

Court telephone no.: **JAMES M. MACERONI**

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| GANI VILA and<br>ALBANIAN TV OF AMERICA, INC.,<br>A Michigan Corporation | v | ARIAN ASIMI |

Plaintiff's attorney, bar no., address, and telephone no.
Edward M. Turfe (P51228)
290 Town Center Drive, Suite 420K
Dearborn, Michigan 48126
Office: (313) 730-0300

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

Issue date: FEB 13 2023   Expiration date: MAY 15 2023

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

ANTHONY G. FORLINI

MC 01 (9/19) SUMMONS    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

FILED by Macomb County Circuit Court
2/17/2023
2023-000521-NO
VILA, GANI ET AL.

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

GANI VILA and
ALBANIAN TV OF AMERICA, INC.,
A Michigan Corporation,

    Plaintiffs,

v

Hon. **JAMES M. MACERONI**
Case No. 2023-000521-NO

ARIAN ASIMI,

    Defendant.

---

EDWARD M. TURFE (P51228)
TURFE LAW, PLLC
Attorney for Plaintiff
290 Town Center Drive, Suite 420K
Dearborn, Michigan 48126
T: (313) 730-0300
F: (313) 730-0312
edturfe@turfelaw.com

---

There is no other pending or resolved civil action arising out of the same transaction and/or occurrence and between the same parties and/or their privies as alleged in this Complaint.

### COMPLAINT

NOW COME the Plaintiffs, GANI VILA (hereinafter "Vila") and ALBANIAN TV OF AMERICA, INC., by and through their counsel, TURFE LAW, PLLC, and for their Complaint against Defendant ARIAN ASIMI (hereinafter "Asimi") state as follows:

### JURISDICTION AND VENUE

1. At all material times hereto, Plaintiff Vila was a resident of Macomb County, Michigan.

2.   At all material times hereto, Plaintiff Albanian TV of America, Inc., was a corporation duly organized under the laws of the state of Michigan, and which conducted business in Macomb County, Michigan.

3.   At all material times hereto, upon information and belief, Defendant Asimi was a resident of the state of Wisconsin, who operated various social media channels as himself and as "Nova Media TV" that targeted Michigan residents, specifically, those members of Michigan's Albanian community living in Macomb County, Michigan.

4.   This honorable Court has subject matter jurisdiction over the instant lawsuit as the matter in controversy exceeds the sum of $25,000.00, exclusive of interest, costs and attorney fees.

5.   This honorable Court has personal jurisdiction over the Defendant as he has committed actions and caused consequences to occur in the Macomb County, Michigan, which actions and consequences have resulted in this action for tort. *M.C.L.A. § 600.705.*

6.   Venue is proper in the Circuit Court for the County of Macomb, Michigan.

## GENERAL ALLEGATIONS

7.   Plaintiffs reallege and reincorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

8.   Gani Vila is an upstanding and distinguished member of the Albanian community residing in Macomb County, Michigan and is the owner and director of Michigan-based Albanian TV of America, one of the prominent media channels for news and information of concern to Albanians worldwide and specifically among Michigan's Albanian community and those with ties to the Michigan Albanian community.

2

9. Among his accomplishments, in June 2022, Vila was recognized with The Knight of Flags Calling, a coveted and most prestigious award conferred directly by the President of Albania, Ilir Meta.

10. Defendant Asimi fancies himself as a competitor of Vila and Albanian TV of America, Inc., and uses various media outlets to publish programming and written blogs under the name of Nova Media TV, which targets Albanian individuals living in Macomb County, Michigan.

11. Through his recent publications in June 2022, Defendant Asimi has targeted Vila with false and defamatory statements and misrepresentations of fact, including, but not limited to statements that:

   a. Vila is the former Chairman of the Salvation/Rescue Committee,

   b. Vila is known for extorting the Albanian community,

   c. Vila is a former border officer accused of murder,

   d. Vila was arrested for immorality in Michigan,

   e. Vila stole the Bank of Korea, and

   f. Vila caused the riots in Albania in 1997.

12. Defendant Asimi made these representations knowing that they were false and with the intent to damage the reputation of Vila.

13. Further, Defendant Asimi, through his programming, targets Michigan's Albanian community, calls for Michigan Albanians to stop watching Vila's Albanian TV of America, interviews people from Michigan, and commits other acts specifically directed at Michigan's Albanian community all in an effort to defame Vila throughout Michigan.

14. Vila has demanded that a retraction of these false and defamatory statements be made by Defendant Asimi within a reasonable time, yet Defendant Asimi has defiantly refused to make such retraction.

## COUNT I—DEFAMATION AND DEFAMATION *PER SE*

15. Plaintiffs reallege and reincorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

16. Defendant Asimi intentionally made numerous false statements privately and publicly regarding Gani Vila.

17. The false statements made by Defendant Asimi were not privileged in any way.

18. Defendant Asimi made the false statements about Gani Vila with the intent to injure Vila personally and professionally, and cause harm to his reputation and injure his business.

19. Further, Defendant Asimi made false and defamatory statements about Vila, as the owner and director of Albanian TV of America, Inc., with the intent to harm not only Vila personally, but to harm Albanian TV of America, Inc., knowing that damage to Vila's reputation would result in damage to Albanian TV of America's revenues.

20. Defendant Asimi made these false statements with malice, knowing that the statements were false or with reckless disregard as to their falsity.

21. Many of the Defendant Asimi's false statements about Vila concerned criminal activity, and are therefore, defamation *per se*.

22. Gani Vila and Albanian TV of America, Inc., have been damaged as the direct and proximate result of the defamatory statements made by Defendant Asimi.

4

23. Gani Vila has demanded retraction of Defendant Asimi's false and defamatory statements, but Defendant Asimi has refused to make such retraction within a reasonable time.

24. Gani Vila and Albanian TV of America, Inc., are entitled to compensatory, exemplary and punitive damages as a result of Defendant Asimi's false and defamatory statements.

WHEREFORE, Plaintiffs GANI VILA and ALBANIAN TV OF AMERICA, INC., pray for judgment against Defendant ARIAN ASIMI in an amount in excess of Twenty-Five Thousand ($25,000) Dollars, exclusive of costs, interest and attorney fees.

### COUNT II—TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

25. Plaintiffs reallege and reincorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

26. Plaintiff Albanian TV of America, Inc., had a reasonable expectation to maintain its revenues at the same level as prior to the defamatory statements made by Defendant Asimi, and, in fact, reasonably expected continued growth of its revenues.

27. Defendant Asimi is and was well-aware of the financial success of Gani Vila and Albanian TV of America, Inc., and its expected growth, specifically within Michigan's Albanian community.

28. Defendant Asimi intentionally targeted Plaintiff Vila with false and defamatory statements as outlined above, with the sole purpose of harming Plaintiff Vila's, and by association, Plaintiff Albanian TV of America's reputation, all in an attempt to stop prospective viewers from viewing, and prospective advertisers from advertising with Albanian TV of America, Inc.

29. Defendant Asimi's defamatory statements constitute a tortious interference with the business relationships and expectancy held by Plaintiff Albanian TV of America, Inc.

5

30. As a direct and proximate result of Defendant Asimi's tortious interference with Plaintiff Albanian TV of America's business relationships and expectancy, Plaintiff Albanian TV of America has suffered a loss of reputation among its viewers, advertisers, and prospective viewers and advertisers, and as such, suffered economic loss, including, but not limited to, loss of sales, loss of income, and loss of opportunities.

WHEREFORE, Plaintiffs GANI VILA and ALBANIAN TV OF AMERICA, INC., pray for judgment against Defendant ARIAN ASIMI in an amount in excess of Twenty-Five Thousand ($25,000) Dollars, exclusive of costs, interest and attorney fees.

Respectfully submitted,

TURFE LAW, PLLC

/s/ Edward M. Turfe
EDWARD M. TURFE (P51228)
Attorney for Plaintiff